**NORWOOD et, Etc v HUGHES, et, Etc**

Ohio Appeals, 2nd Dist, Franklin Co

No 2520.   Decided April 19, 1935

Chester, Chester & Keyser, Columbus, for plaintiffs.

John W. Bricker, Attorney General, Columbus, and Isadore Topper, Assistant Attorney General, Columbus, for defendants.

## OPINION

By BARNES, J.

The relief sought by plaintiff is exclusively injunction as distinguished from ancillary relief.

Being an extraordinary remedy, it will not issue except where the right is clear.

That the Liquor Control Board may exercise discretion in issuing permits is clearly authorized under the law. There does not exist an inalienable right to manufacture or sell intoxicating liquors. The regulation or prohibition of traffic in intoxicating liquors is authorized in the exercise of police powers as provided under the Constitution.

Sec 6064-3, GC, authorizes the Liquor Control Board to promulgate rules and regulations in the furtherance of public decency, sobriety and good order.

In promulgating rules and regulations, the Board derives its authority solely from pertinent Code sections. A regulation, if within the letter or spirit of the law, has the force of law.

This regulation 48 is directed wholly to permit holders, and has no direct application to the plaintiffs. The claim is made, and probably correctly so, that its enforcement will prevent the continuation of the contractual relations between the plaintiffs and the permit holders. Under such a situation are the plaintiffs parties in interest? Do they have the right to question the legality of a regulation promulgated by administrative officers of the state, and claimed to be a police regulation authorized by law? In our judgment no one but the permit holder can raise this question. In our judgment the lower court was correct in his determination that plaintiffs are not parties in interest and therefore have no right to bring the action. In addition to what is said herein, we adopt the reasoning of the lower court as stated in his opinion.

Plaintiff's petition will be dismissed at their costs. Exceptions will be allowed. Entry may be drawn in accordance with the above.

KUNKLE, PJ, and HORNBECK, J, concur.